UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSE RIVERO-CUERVO,

     *Petitioner*,

v.

                             Case No. 3:26-cv-78-JEP-LLL

PAMELA BONDI, et al.,

     *Respondents*.

_____/

## **ORDER**

Petitioner Jose Rivero-Cuervo, an immigration detainee, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 on January 20, 2026. (Doc. 1).[1] Petitioner is a citizen of Cuba who entered the United States

---

[1] When Petitioner initiated this case, he was detained at Baker County Detention Center in Macclenny, Florida, which is located within this Court's jurisdiction. According to the U.S. Immigration and Customs Enforcement website, he is currently detained at Port Isabel Service Detention Center in Los Fresnos, Texas. *See* Online Detainee Locator System, U.S. Immigration and Customs Enforcement, available at https://locator.ice.gov/odls/#/search (last visited Mar. 17, 2026). Because Petitioner was detained within the Middle District of Florida when he filed this case, this Court retains jurisdiction despite his transfer and declines to *sua sponte* transfer this case to another court. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *see, e.g.*, *Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical

in 1996; he was ordered removed in 1997; U.S. Immigration and Customs Enforcement ("ICE") released Petitioner on an order of supervision in 2011; and ICE re-detained him on July 14, 2025. (*See* Doc. 1 at 3-5; Doc. 10 at 1-2; *see generally* Doc. 10-1). Petitioner argues that his prolonged detention violates the Fifth Amendment's Due Process Clause as the Supreme Court construed it in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1 at 6-8). He asks the Court to order his immediate release. (*Id.* at 8).

Respondents filed a response to the habeas petition arguing that the Court lacks jurisdiction over Petitioner's claims. (Doc. 10 at 3-6). As to the substance of Petitioner's claims, Respondents assert:

> Petitioner has been in custody for over 240 days. This is over the 180-day limit as set forth in in [sic] *Zadvydas*. ICE intends to remove Petitioner to Mexico, of which they notified him on July 13, 2025. AUSA Albritton has no information to indicate that there is any [significant likelihood of removal in the reasonably foreseeable future] in this case.

(Doc. 10 at 7).

---

custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided.").

Upon review of the petition and response, this Court concludes the petition must be granted.[2] Thus, the Court need not wait for Petitioner to file a reply.

Following an order of removal, immigration detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021) ("§ 1231 explains what to do if the alien is ordered removed."); *see also Deshati v. Noem*, No. 25-cv-15940-ESK, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025)[3] ("The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231."). Pursuant to section 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Detention during the removal period is mandatory.

---

[2] Respondents' arguments that the Court does not have jurisdiction to decide whether Petitioner's detention is lawful have no merit. *See Zadvydas*, 533 U.S. at 688 (citing § 1252(g) yet concluding "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention"); *see also Linares v. Dep't of Homeland Sec.*, 529 F. App'x 983, 984 (11th Cir. 2013) (concluding the petitioner's "challenge to his continued detention is similarly distinct from a challenge to his removal order" and therefore not barred by the REAL ID act, including § 1252(b)(9)); *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1367 (11th Cir. 2006) ("[W]hile the REAL ID Act amended § 1252(b)(9) by adding an explicit bar on habeas jurisdiction over certain claims, the Act did not expand the scope of (b)(9) by making it applicable to cases other than those involving 'review of an order of removal.'"). Petitioner is not seeking review of an order of removal; instead, he challenges his prolonged detention. Thus, the Court is satisfied it has jurisdiction over Petitioner's claims.

[3] Although district court orders are non-precedential, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

8 U.S.C. § 1231(a)(2)(A). "The 90-day removal period shall be extended, and the noncitizen may remain in detention, if the noncitizen (1) 'fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure' *or* (2) 'conspires or acts to prevent the alien's removal.'" *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(C)).

The Supreme Court in *Zadvydas* held that indefinite detention of aliens after a final order of removal raises serious constitutional concerns. 533 U.S. at 690–99. Once an order of removal is final, the government may continue to detain an alien only for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence *at the moment of removal*." *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period [from section 1231(a)(1)(A)] plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to

rebut that showing." *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Notably, *Zadvydas* claims asserted prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052; *see also Ramos Alvarez v. U.S. Immigr. & Customs Enf't*, No. 3:25-cv-1038, 2025 WL 2591830, at *1 (M.D. Fla. Sept. 8, 2025).

Here, there is no dispute that Petitioner had been in ICE custody for over 180 days at the time he filed the petition, and the Court finds that he presents good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Indeed, he alleges he has been detained since July 14, 2025; he has complied with all of ICE's efforts to remove him; and Cuba, his country of citizenship, will not accept him. (*See* Doc. 1 at 5). Thus, the burden shifts to Respondents, who concede they have no evidence to counter Petitioner's showing. It has now been over eight months since ICE advised Petitioner of its intent to initiate a third-country removal to Mexico,

and ICE apparently has been unable to do so. Respondents submit no evidence whatsoever to show removal is likely, and indeed, counsel for Respondents concedes that he "has no information to indicate that there is any [significant likelihood of removal in the reasonably foreseeable future] in this case." (Doc. 10 at 8). Therefore, Petitioner is entitled to release from detention under *Zadvydas*.

Accordingly, it is **ORDERED**:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Respondents shall release Petitioner **within 24 hours** of this Order.

2. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any motions, and close the file.

3. The Clerk shall update Petitioner's mailing address as follows: Port Isabel Service Detention Center, 27991 Buena Vista Blvd., Los Fresnos, TX 78566.

**DONE AND ORDERED** in Jacksonville, Florida on March 17, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

6

c:
Jose Rivero-Cuervo
Counsel of Record